AF Approval *JMH*                                    Chief Approval  *MPF*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:24-cr-137-CEM-RMN

CESAR AUGUSTO SILVA FERNANDEZ

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Gregory W. Kehoe, United States Attorney for the Middle District of Florida, and

the defendant CESAR AUGUSTO SILVA FERNANDEZ, the attorneys for the

defendant, Michelle Yard, Esq., mutually agree as follows:

**A.    Particularized Terms**

1.    Count Pleading To

The defendant shall enter a plea of guilty to Counts Three and Four of

the Third Superseding Indictment.

Count Three charges the defendant with committing and aiding and

abetting the commission of interference with commerce by robbery, in violation of 18

U.S.C. §§ 1951(a) and (b) and 2.

Count Four charges the defendant with committing and aiding and

abetting the brandishing of a firearm during and in relation to a crime of violence,

Defendant's Initials __CS__

the robbery charged in Count Three, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), and

2.

    2.    <u>Counts Dismissed</u>

At the time of sentencing, the remaining count(s) against the defendant, Counts Two and Sixteen, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

    3.    <u>Minimum and Maximum Penalties</u>

Count Three carries a maximum sentence of 20 years' imprisonment, a fine of not more than $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100.

Count Four is punishable by a mandatory minimum term of imprisonment of seven years to run consecutive to the sentence of imprisonment imposed as a result of Count Three, a fine of not more than $250,000, a term of supervised release of not more than 5 years, and a special assessment of $100.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

Defendant's Initials  _C S__      2

4.    Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count Three are that the Defendant, either through his own actions, or the actions of others with whom he intentionally joined and participated:

First:    acquired someone else's personal property;

Second:    took the property against the victim's will, by using actual or threatened force, or violence, or causing the victim to fear harm, either immediately or in the future; and

Third:    these actions obstructed, delayed, or affected interstate commerce.

The elements of Count Four are that the Defendant, either through his own actions, or the actions of others with whom he intentionally joined and participated:

First:    committed or aided and abetted the commission of the violent crime charged in Count Three of the Third Superseding Indictment;

Second:    during and in relation to that violent crime, knowingly used, carried, or brandished a firearm, or aided and abetted the use, carrying, or brandishing of a firearm, as charged in the Third Superseding Indictment.

5.    *Alleyne v. United States and Apprendi v. New Jersey*

Under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the defendant is subject to a mandatory minimum

Defendant's Initials __*CS*__    3

sentence of seven years' imprisonment as to Count Four because the following facts

have been admitted by the defendant and are established by this plea of guilty:

- the Defendant aided and abetted the brandishing of a firearm in connection with the robbery charged in Count Three of the Third Superseding Indictment.

6.  No Further Charges

If the Court accepts this plea agreement, the United States Attorney's

Office for the Middle District of Florida agrees not to charge defendant with

committing any other federal criminal offenses known to the United States

Attorney's Office at the time of the execution of this agreement, related to the

conduct giving rise to this plea agreement.

7.  Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a), defendant agrees to make full

restitution to E.D.

8.  Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will

recommend to the Court that the defendant be sentenced within the defendant's

applicable guidelines range as determined by the Court pursuant to the United States

Sentencing Guidelines, as adjusted by any departure the United States has agreed to

recommend in this plea agreement.  The parties understand that such a

recommendation is not binding on the Court and that, if it is not accepted by this

Defendant's Initials _CS_          4

Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant

Defendant's Initials _CS_    5

agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

    10.    Forfeiture of Assets

        The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 924 (d), 981(a)(1)(C), and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

        The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

        If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant

Defendant's Initials  <u>CS</u>         6

agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of

Defendant's Initials ___CS___          7

a consent decree of forfeiture, and signing of any other documents necessary to
effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of
any fine, restitution, cost of imprisonment, or any other penalty the Court may
impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the
defendant has breached this section of the Plea Agreement, the defendant may be
found ineligible for a reduction in the Guidelines calculation for acceptance of
responsibility and substantial assistance, and may be eligible for an obstruction of
justice enhancement.

The defendant agrees that the forfeiture provisions of this plea
agreement are intended to, and will, survive the defendant, notwithstanding the
abatement of any underlying criminal conviction after the execution of this
agreement.  The forfeitability of any particular property pursuant to this agreement
shall be determined as if the defendant had survived, and that determination shall be
binding upon defendant's heirs, successors and assigns until the agreed forfeiture,
including any agreed forfeiture amount, is collected in full.

11.    Abandonment of Property

The defendant acknowledges that he has an ownership interest in the
following items of property that are in the lawful custody of the United States: a

Defendant's Initials ___C S___            8

Glock 27 Gen 4 .40 caliber handgun with serial number BKWW520 and associated ammunition seized from SILVA FERNANDEZ on or about April 28, 2024.

The defendant understands that he has the right and opportunity to claim the listed property. The defendant hereby knowingly and voluntarily waives all right, title, and interest in the listed property. The defendant waives, releases, and withdraws any claim that the defendant has made with respect to the listed property, and waives and releases any claim that the defendant might otherwise have made to the listed property in the future.

The defendant consents to the vesting of title to the listed property to the United States Government, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. The defendant also consents to the destruction of the property, or other disposition of the property in accordance with law, and without further notice to the defendant.

The defendant waives any right the defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the abandonment, disposition, and/or destruction of the listed property. The defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the

Defendant's Initials  CS       9

seizure, abandonment, disposition, and destruction of the listed property, including
any such claim for attorney's fees and litigation costs.

The defendant further agrees to hold the United States of America, its
agents and employees, harmless from any claims whatsoever in connection with the
seizure, abandonment, disposition, and destruction of the listed property.

**B.**    **Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or
in lieu of any other penalty, shall order the defendant to make restitution to any
victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18
U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to
any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all
counts charged, whether or not the defendant enters a plea of guilty to such counts,
and whether or not such counts are dismissed pursuant to this agreement.  The
defendant further understands that compliance with any restitution payment plan
imposed by the Court in no way precludes the United States from simultaneously
pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)),
including, but not limited to, garnishment and execution, pursuant to the Mandatory
Victims Restitution Act, in order to ensure that the defendant's restitution obligation
is satisfied.

Defendant's Initials __CS__                10

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United

Defendant's Initials __CS__        11

States further reserves its right to make any recommendations it deems appropriate

regarding the disposition of this case, subject to any limitations set forth herein, if

any.

    5.    <u>Financial Disclosures</u>

    Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii),

the defendant agrees to complete and submit to the United States Attorney's Office

within 30 days of execution of this agreement an affidavit reflecting the defendant's

financial condition.  The defendant promises that his financial statement and

disclosures will be complete, accurate and truthful and will include all assets in

which he has any interest or over which the defendant exercises control, directly or

indirectly, including those held by a spouse, dependent, nominee or other third party.

The defendant further agrees to execute any documents requested by the United

States needed to obtain from any third parties any records of assets owned by the

defendant, directly or through a nominee, and, by the execution of this Plea

Agreement, consents to the release of the defendant's tax returns for the previous five

years.  The defendant similarly agrees and authorizes the United States Attorney's

Office to provide to, and obtain from, the United States Probation Office, the

financial affidavit, any of the defendant's federal, state, and local tax returns, bank

records and any other financial information concerning the defendant, for the

purpose of making any recommendations to the Court and for collecting any

Defendant's Initials _CS_        12

assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant

expressly authorizes the United States Attorney's Office to obtain current credit

reports in order to evaluate the defendant's ability to satisfy any financial obligation

imposed by the Court.

    6.    <u>Sentencing Recommendations</u>

    It is understood by the parties that the Court is neither a party to nor

bound by this agreement.  The Court may accept or reject the agreement, or defer a

decision until it has had an opportunity to consider the presentence report prepared

by the United States Probation Office.  The defendant understands and

acknowledges that, although the parties are permitted to make recommendations and

present arguments to the Court, the sentence will be determined solely by the Court,

with the assistance of the United States Probation Office.  Defendant further

understands and acknowledges that any discussions between defendant or

defendant's attorney and the attorney or other agents for the government regarding

any recommendations by the government are not binding on the Court and that,

should any recommendations be rejected, defendant will not be permitted to

withdraw defendant's plea pursuant to this plea agreement.  The government

expressly reserves the right to support and defend any decision that the Court may

make with regard to the defendant's sentence, whether or not such decision is

consistent with the government's recommendations contained herein.

Defendant's Initials  <u>CS</u>       13

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to
impose any sentence up to the statutory maximum and expressly waives the right to
appeal defendant's sentence on any ground, including the ground that the Court
erred in determining the applicable guidelines range pursuant to the United States
Sentencing Guidelines, except (a) the ground that the sentence exceeds the
defendant's applicable guidelines range as determined by the Court pursuant to the
United States Sentencing Guidelines; (b) the ground that the sentence exceeds the
statutory maximum penalty; or (c) the ground that the sentence violates the Eighth
Amendment to the Constitution; provided, however, that if the government exercises
its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then
the defendant is released from his waiver and may appeal the sentence as authorized
by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the
United States Attorney for the Middle District of Florida and cannot bind other
federal, state, or local prosecuting authorities, although this office will bring
defendant's cooperation, if any, to the attention of other prosecuting officers or
others, if requested.

Defendant's Initials  _CS_           14

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in
camera, in whole or in part, upon a showing of good cause, and filed in this cause, at
the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this
agreement and is pleading guilty freely and voluntarily without reliance upon any
discussions between the attorney for the government and the defendant and
defendant's attorney and without promise of benefit of any kind (other than the
concessions contained herein), and without threats, force, intimidation, or coercion
of any kind.  The defendant further acknowledges defendant's understanding of the
nature of the offense or offenses to which defendant is pleading guilty and the
elements thereof, including the penalties provided by law, and defendant's complete
satisfaction with the representation and advice received from defendant's
undersigned counsel (if any).  The defendant also understands that defendant has the
right to plead not guilty or to persist in that plea if it has already been made, and that
defendant has the right to be tried by a jury with the assistance of counsel, the right
to confront and cross-examine the witnesses against defendant, the right against
compulsory self-incrimination, and the right to compulsory process for the
attendance of witnesses to testify in defendant's defense; but, by pleading guilty,

Defendant's Initials _CS_          15

defendant waives or gives up those rights and there will be no trial.  The defendant

further understands that if defendant pleads guilty, the Court may ask defendant

questions about the offense or offenses to which defendant pleaded, and if defendant

answers those questions under oath, on the record, and in the presence of counsel (if

any), defendant's answers may later be used against defendant in a prosecution for

perjury or false statement.  The defendant also understands that defendant will be

adjudicated guilty of the offenses to which defendant has pleaded and, if any of such

offenses are felonies, may thereby be deprived of certain rights, such as the right to

vote, to hold public office, to serve on a jury, or to have possession of firearms.

    11.    Factual Basis

        Defendant is pleading guilty because defendant is in fact guilty.  The

defendant certifies that defendant does hereby admit that the facts set forth in the

attached "Factual Basis," which is incorporated herein by reference, are true, and

were this case to go to trial, the United States would be able to prove those specific

facts and others beyond a reasonable doubt.

    12.    Entire Agreement

        This plea agreement constitutes the entire agreements between the

government and the defendant with respect to the aforementioned guilty plea and no

other promises, agreements, or representations exist or have been made to the

defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials __CS__        16

13.  Certification

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that defendant

fully understands its terms.

DATED this __10__ day of ___7___, 2025.

GREGORY W KEHOE
United States Attorney

_____     _____
CESAR AUGUSTO SILVA FERNANDEZ   Dana E. Hill
Defendant                                          Assistant United States Attorney

_____     _____
Michelle Yard, Esq.                          Michael P. Felicetta
Attorney for Defendant                    Assistant United States Attorney
                                                         Chief, Orlando Division

Defendant's Initials __CS__            17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:24-cr-137-CEM-RMN

CESAR AUGUSTO SILVA FERNANDEZ

PERSONALIZATION OF ELEMENTS

For Count Three, on or about February 9, 2024:

First:    Did you, through your own actions or the actions of others with
          whom you intentionally joined and participated, acquire someone
          else's personal property?

Second:   Did you, through your own actions or the actions of others with
          whom you intentionally joined and participated, take the property
          against the victim's will, by using actual or threatened force, or
          violence, or causing the victim to fear harm, either immediately or in
          the future?

Third:    Did your actions, or the actions of others with whom you
          intentionally joined and participated, obstruct, delay, or affect
          interstate commerce?

For Count Four, on or about February 9, 2024:

First:    Did you, through your own actions or the actions of others with
          whom you intentionally joined and participated, commit the violent
          crime charged in Count Three of the Third Superseding Indictment;

Second:   During and in relation to that violent crime, did you knowingly
          brandish a firearm, or aid and abet the brandishing of a firearm?

Defendant's Initials  _C S_          18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                CASE NO. 6:24-cr-137-CEM-RMN

CESAR AUGUSTO SILVA FERNANDEZ

FACTUAL BASIS

In the course of an investigation into the carjacking and murder that occurred

on April 11, 2024, the FBI learned of the identity of CESAR AUGUSTO SILVA

FERNANDEZ.  The ensuing investigation revealed the following information about

SILVA FERNANDEZ and his involvement in violent crime:

***February 9, 2024, Armed Robbery and Assault***

On February 12, 2024, the Orlando Police Department were dispatched to

Mill Creek Apartments in reference to a robbery that occurred a few days earlier.

Officers recovered surveillance footage of the incident that occurred on or about

February 9, 2024 and the early morning hours of February 10, 2024.  The FBI and

other law enforcement found that J.D.C., an adult male who was a juvenile at the

time of this offense, Anneliz COLON DE JESUS, Cesar Augusto SILVA

FERNANDEZ, Jordanish TORRES GARCIA, and Victor LAFONTAINE RUIZ

Defendant's Initials _C S_              19

planned and perpetrated an armed robbery of the victim, E.D., at the apartment complex.

At all relevant times, COLON DE JESUS and SILVA FERNANDEZ worked with E.D. at a tow truck business and COLON DE JESUS and SILVA FERNANDEZ were in a relationship. At all relevant times, COLON DE JESUS was J.D.C.'s mother. At all relevant times, and on February 9, 2024, the tow truck business and E.D. was engaged in a business affecting and involving interstate commerce.

On February 9, 2024, COLON DE JESUS exchanged the following texts with J.D.C. in arranging the armed robbery of E.D.:

| Time | COLON DE JESUS | J.D.C. |
|---|---|---|
| 11:07 p.m. | Wait, that Cesar is going to send him to The Palms. | |
| 11:07 p.m. | He's ready to go out. | |
| 11:09 p.m. | He is up front. Wait and see if he turns around | |
| 11:19 p.m. | Cesar is saying to park it in reverse | |
| 11:28 p.m. | He is in the one next to it | |
| 11:28 p.m. | Go ahead | |
| 11:28 p.m. | | You want me to go over there |
| 11:28 p.m. | Get to the side | |
| 11:28 p.m. | Go by the side and park in reverse | |
| 11:29 p.m. | | I'm going over there |
| 11:30 p.m. | | You let me know |
| 11:30 p.m. | Go | |
| 11:41 p.m. | He's in the second entrance, by the garbage containers | |
| 11:42 p.m. | He is walking | |
| 11:42 p.m. | | Alright |

Defendant's Initials  CS          20

| | | |
|---|---|---|
| 11:48 p.m. | How much longer | |
| 11:48 p.m. | | We here |
| 11:51 p.m. | Let me know if anything | |
| 11:59 p.m. | Do not get close to the tow truck, because where it is parked there are cameras | |
| 12:00 p.m. | He is saying that it is the best location, because it is the only dark place. | |

During the same time period, COLON DE JESUS exchanged the following texts

with SILVA FERNANDEZ:

| Time | COLON DE JESUS | SILVA FERNANDEZ |
|---|---|---|
| 11:08 p.m. | | He is |
| 11:09 p.m. | | Up front |
| 11:09 p.m. | Ok | |
| 11:09 p.m. | | Where is the car of 12/23 |
| 11:09 p.m. | | Of the crazy one |
| 11:10 p.m. | OK | |
| 11:10 p.m. | Is he leaving, or did he go in | |
| 11:11 p.m. | | Up front |
| 11:11 p.m. | You are quiet. I'm […] | |
| 11:12 p.m. | in the one next to it he is going in | |
| 11:13 p.m. | | Oh! |
| 11:13 p.m. | | I don't think so. |
| 11:13 p.m. | He has to be going in, because he hasn't told you about the Mercedes[…] | |
| 11:13 p.m. | that is in reverse | |
| 11:14 p.m. | I don't understand the mess written here | |
| 11:15 p.m. | Send him for a walk so it is easier | |
| 11:18 p.m. | | Let them pass him by the side, and park it in reverse |
| 11:18 p.m. | | and get out. |
| 11:34 p.m. | My God, he couldn't get there that fast. | |

Defendant's Initials  _CS_        21

| 11:38 p.m. | Let him stay here, that they will be there in 15. | |
| 11:58 p.m. | | He is in front of the office. |
| 11:58 p.m. | They already saw him. | |
| 11:58 p.m. | | But if they are where the tow truck is, there is a camera. |
| 11:59 p.m. | They can see the tow truck, but they are not close. | |
| 11:59 p.m. | | But there is the best location |
| 11:59 p.m. | | because it is dark |
| 12:00 a.m. | Ok | |
| 12:00 a.m. | I'll let them know now. | |
| 12:05 a.m. | | Ok |
| 12:05 a.m. | | They hit him |
| 12:05 a.m. | Call with video, not the regular way | |
| 12:06 a.m. | | They took the wallet |
| 12:06 a.m. | Yes, I know. | |
| 12:06 a.m. | | I know |

COLON DE JESUS's instructions to J.D.C. were meant facilitate the armed robbery
and for the perpetrators to avoid being detected or being captured on video.
COLON DE JESUS's reference to "Cesar" was referring to SILVA FERNANDEZ,
who was assisting in coordinating the robbery. COLON DE JESUS knew that a
firearm would be used to effectuate the robbery.

The apartment complex surveillance video showed E.D. walking towards a
red tow truck. A blue sedan (the blue Toyota Corolla rented by J.D.C.) then entered
the complex and approached E.D. The blue sedan stopped and two males wearing
black masks stepped out of the vehicle, while the driver of the vehicle remained in
the car. Based on subsequent investigation, the three individuals involved were:

Defendant's Initials ___CS___          22

| J.D.C. | TORRES GARCIA | LAFONTAINE RUIZ |
|---|---|---|
|  |  |  |

All three were armed with firearms. At one point, J.D.C. pointed his firearm at E.D.:



TORRES GARCIA and LAFONTAINE RUIZ were holding firearms and
forced E.D. to the ground at gun point. One suspect began to go through the victim's
pockets and took out what appeared to be a cell phone while the other stood nearby
appearing to observe the robbery while providing security. One of the suspects began
hitting E.D. over the head with his bare hands and the firearm multiple times. The

Defendant's Initials ___CS___          23

suspect began to walk away and then turned around and pointed the firearm at E.D.
The suspects entered the vehicle and then left the area.

On February 10, 2024, LAFONTAINE RUIZ shared a photo of E.D.'s social
security card and license over his cellular phone with another individual, who
recommended that LAFONTAINE RUIZ use the identification information to
commit fraud.  In addition, after the robbery, TORRES GARCIA shared over social
media an image of E.D.'s credit card with the butt of the gun he used visible on the
order of the image.  Location data from the cellular phones used by TORRES
GARCIA and LAFONTAINE RUIZ also identify these three individuals as being in
proximity to the location of the assault at the time of the assault.  J.D.C. and
TORRES GARCIA's devices place them at COLON DE JESUS's home after the
assault.

In his conduct on February 9, 2024, SILVA FERNANDEZ agrees that he,
through his own actions and the actions of others with whom he intentionally joined
and participated, acquired someone else's personal property against the victim's will,
by using actual or threatened force, or violence, or causing the victim to fear harm,
either immediately or in the future and that those these actions obstructed, delayed,
or affected interstate commerce.  SILVA FERNANDEZ agrees that he, through his
own actions and the actions of others with whom he intentionally joined and

Defendant's Initials  CS            24

participated, used, possessed, and brandished a firearm during and in furtherance of the robbery.

### *April 28, 2024, Possession of a Firearm*

On April 28, 2024, at approximately 11:16 p.m., the Orlando Police Department conducted a traffic stop of a vehicle parked in a handicapped space at an apartment complex on Curry Ford Road in Orlando. The occupants of the car were COLON DE JESUS, SILVA FERNANDEZ, DERECK RODRIGUEZ BONILLA, and J.D.C. While the officer was talking to COLON DE JESUS, SILVA FERNANDEZ (her boyfriend), removed a shoulder bag that he was wearing and put it between him and COLON DE JESUS and put his arm over it to conceal it. SILVA FERNANDEZ started talking to COLON DE JESUS in Spanish, not knowing that the officer spoke Spanish. SILVA FERNANDEZ told COLON DE JESUS that the officer had asked about weapons and there was a firearm and she should take ownership of it. The officers then had the occupants get out of the car. They asked for consent from COLON DE JESUS to search the car and she agreed.

The coach bag contained a Glock 27 Gen 4 .40 caliber pistol loaded with 15 rounds. The Glock at the serial number BKWW520. The bag also contained SILVA FERNANDEZ's bank card.

On December 17, 2018, SILVA FERNANDEZ was convicted of Aggravated Battery with a Deadly Weapon in 2018, a felony, in the Circuit Court, Tenth Judicial

Defendant's Initials _CS_    25

District in and for Highlands County. SILVA FERNANDEZ knew that he was convicted of a felony and knew that he was not permitted to carry a firearm.

SILVA FERNANDEZ also had 2 grams of cocaine on him in his pants pocket and a plastic straw. SILVA FERNANDEZ spoke to officers and admitted to telling COLON DE JESUS to claim ownership of the gun because he shouldn't have had it because he was a convicted felon.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

Defendant's Initials  CS      26